JP:NS

M12-0184

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

TALETA PHILLIPS,

             Defendant.

C O M P L A I N T

(21 U.S.C. §§ 952(a) and 960)

- - - - - - - - - - - - - - - - -X
EASTERN DISTRICT OF NEW YORK, SS:

    KYLER HARDIN, being duly sworn, deposes and states that he is a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

    Upon information and belief, on or about February 23, 2012, within the Eastern District of New York and elsewhere, defendant TALETA PHILLIPS did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance.

    (Title 21, United States Code, Sections 952(a) and 960).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about February 23, 2012, TALETA PHILLIPS arrived at John F. Kennedy International Airport ("J.F.K. Airport") in Queens, New York, aboard Caribbean Airlines flight #15 from Kingston, Jamaica.

2. Defendant TALETA PHILLIPS was selected for a Customs and Border Protection ("CBP") examination. PHILLIPS was traveling on a recently issued one-way ticket. During the examination, the defendant presented two suitcases and one computer bag for inspection. During the examination of the defendant's luggage, CBP officers noticed that the defendant appeared visibly nervous and avoided eye contact. As a result, CBP officers conducted a pat-down search of the defendant, which yielded negative results. Following the pat-down search, the defendant continued to appear nervous and her hands were visibly shaking. The defendant was then presented with an x-ray consent form, which she read, appeared to understand, and refused to sign.

3. After further questioning, the defendant was escorted to the medical facility at JFK Airport for a monitored bowel movement. While at the medical facility, the defendant

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause, I have not described all the relevant facts and circumstances of which I am aware.

told the medical staff that she wanted to take the x-ray examination. The defendant was then again presented with an x-ray consent form, which she read, stated she understood and voluntarily signed. An x-ray was taken and read positive for a foreign object.

4. The defendant was then presented with a pelvic/rectal examination consent form, which she read, stated she understood and voluntarily signed. Medical staff at the JFK medical facility performed a pelvic exam on the defendant and removed an object from her vagina. A probe of the object revealed a white powdery substance, which field-tested positive for the presence of cocaine.

5. The total approximate gross weight of the cocaine found in the defendant TALETA PHILLIP's vaginal area is 341.5 grams.

WHEREFORE, your deponent respectfully requests that defendant TALETA PHILLIPS be dealt with according to law.

                                    _____
                                    KYLER HARDIN
                                    Special Agent
                                    U.S. Department of Homeland Security
                                    Homeland Security Investigations

Sworn to before me this
24th day of February, 2012

_____
HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK